UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAVEN MALCORVIAN,

               Plaintiff,

        v.

COUNTY OF COOK, d/b/a/
COOK COUNTY MEDICAL EXAMINER'S
OFFICE,

           Defendants.

No. 23 C 3987

Hon. Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Raven Malcorvian alleges that the Cook County Medical Examiner's Office violated the Americans with Disabilities Act of 1990 ("ADA") in connection with her job application. Cook County moves to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(c). *See* R. 17. For the following reasons, the Court grants in part and denies in part the motion.

### Legal Standard

A Rule 12(b)(6) motion challenges the "legal sufficiency of a complaint." *E.g.*, *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide the defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed

1

factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023). A Rule 12(c) motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

## Background

Malcorvian suffers from chronic, recurring dermatitis and severe photo-allergic sensitivity, which limits her ability to be exposed to natural light. R. 16 ¶ 17. In November 2019, Malcorvian interviewed for the position of Forensic Technician at the Cook County Medical Examiner's Office ("Office"). *Id.* ¶ 12. The essential functions of a Forensic Technician are performed in a room with "little or no natural light." *Id.* ¶ 18. After interviewing, the Office offered Malcorvian the position, and she accepted. *Id.* ¶ 15. During new hire processing, Malcorvian informed the Office of her disability. *Id.* ¶ 17. Upon learning of Malcorvian's disability, the Office told her that when she was not performing her essential functions, she would have to do

administrative work in a room with windows. *Id.* ¶¶ 19, 40. Malcorvian offered suggestions on how the Office might accommodate her disability, such as installing window coverings or allowing her to perform her administrative work in a different, windowless room. *Id.* ¶¶ 20, 43, 45. The Office refused her suggestions. *Id.* ¶¶ 21, 44, 46.

At the Office's request, Malcorvian completed a Cook County Request for Reasonable Accommodation form. *Id.* ¶ 22. Subsequently, the Office denied her request for accommodation and told her that she could instead wear the personal protective coverings ("PPE") she wears to travel to and from work, which cover her entire body, on the days that she would be performing administrative work. *Id.* ¶¶ 24–25. Malcorvian told the Office that this accommodation was inadequate because wearing the PPE for long periods would restrict her breathing and limit her vision and dexterity. *Id.* ¶¶ 26–27. She also requested to see the physical work location to propose additional suggestions for accommodations. *Id.* ¶ 29. The Office refused to provide any information about the work location and told Malcorvian it would withdraw her job offer if she did not accept the offer with the PPE accommodation by a certain date. *Id.* ¶ 30. Malcorvian could not accept the Office's proposed accommodation, and the Office subsequently withdrew the offer. *Id.* ¶ 31.

On April 21, 2020, Malcorvian filed a charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 4. On March 24, 2023, the EEOC issued a Notice of Right to Sue, and Malcorvian filed her complaint within 90 days. R. 16 ¶¶ 6, 7. She initially brought three claims under the ADA: (1)

failure to accommodate; (2) interference; and (3) discrimination. In her response to the motion to dismiss, Malcorvian withdrew her claim for discrimination. R. 21 at 7 n. 1. The Office seeks dismissal of the remaining claims for failure to exhaust under Rule 12(c) and for failure to state a claim under Rule 12(b)(6).

## Discussion

I.  <u>Failure to Exhaust</u>

The Office argues that Malcorvian has not exhausted her administrative remedies because her claims are beyond the scope of her EEOC charge. Under the ADA, "a plaintiff filing suit in federal court may bring only those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (cleaned up). "This standard is a liberal one . . . and is satisfied if there is a reasonable relationship between the allegations in the charge and those in the complaint, and the claim in the complaint could reasonably be expected to be discovered in the course of the EEOC's investigation." *Teal v. Potter*, 559 F.3d 687, 692 (7th Cir. 2009). The first prong requires the charge and complaint to "at minimum, describe the *same conduct* and implicate the *same individuals*." *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) (emphasis in original). The second prong "requires speculation as to what the EEOC might or might not discover in the course of an investigation." *Id.* at 500; *see also McHale v. McDonough*, 41 F.4th 866, 870 (7th Cir. 2022).

Thus, the Court's task is to compare the charge and the complaint. The charge checks the box for disability discrimination and alleges:

> I was offered a Forensic Technician position at Respondent on or about December 10, 2019. I advised Respondent of my disability and need for accommodation on or about December 17, 2019. Respondent rescinded my employment offer on or about January 29, 2020. I believe I was discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

R. 27 at pp. 8–10 ("EEOC Charge"). As summarized in the background section, the complaint has significantly more detail about the back and forth between Malcorvian and the Office between the time she gave notice of her need for an accommodation and the time the Office rescinded her offer. But a "plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." *Cheek*, 31 F.3d at 500. Both documents are focused on the same core facts: the actions of the Office between mid-December 2019 and late January 2020 in connection with her job offer and her need for an accommodation. That is sufficient to create a reasonable relationship between the allegations in the charge and those in the complaint.

The question then is whether Malcorvian's claims for failure to accommodate and interference would reasonably be expected to develop from the allegations in the EEOC charge.

Beginning with the failure to accommodate, Malcorvian alleges in her complaint that the Office denied her proposed reasonable accommodations of window coverings and a window-free workspace, offered an unreasonable accommodation of wearing PPE for long periods of time, and refused to engage in the required interactive process. The Office emphasizes that the EEOC charge does not explicitly allege that it denied Malcorvian a reasonable accommodation. That is true. But the

charge expressly notes that Malcorvian alerted the Office to her need for an accommodation. And the obvious inference from the fact that the Office rescinded her offer is that she never received the accommodation she asked for. What's more, this Court has the benefit of not only the charge itself, but also the EEOC's investigative file, which reveals that the EEOC specifically analyzed Malcorvian's "claim of denial of reasonable accommodation." R. 29-2 at 7.[1]

The Office argues that two Seventh Circuit cases demand a different result. In both cases, the Seventh Circuit held that the plaintiffs' failure to accommodate claims fell outside the scope of their EEOC charges, which merely asserted that the plaintiffs had been terminated because of their disabilities. *See Green v. Nat'l Steel Corp.*, *Midwest Div.*, 197 F.3d 894, 897–98 (7th Cir. 1999); *Riley v. City of Kokomo*, 909 F.3d 182, 189–90 (7th Cir. 2018). Yet the charges in those cases made no mention of accommodations. Here, in contrast, Malcorvian's charge plainly alleges that she asked for an accommodation, and the clear implication from the fact that the Office withdrew the offer is that she never got the accommodation she requested. Additionally, the EEOC investigative file shows that the EEOC specifically looked into a failure to accommodate claim. The failure to accommodate claim falls within the scope of the EEOC charge.

Likewise, an ADA interference claim could reasonably be expected to develop from the EEOC's investigation. The ADA makes it unlawful to "coerce, intimidate,

---

[1] The Office does not raise any objection to the Court taking judicial notice of the EEOC investigative file. *See generally* R. 30.

6

threaten, or interfere" with any person exercising an ADA-protected right. 42 U.S.C. § 12203(b). Malcorvian alleges in her complaint that the Office attempted to coerce, threaten, or intimidate her into giving up her right to a reasonable accommodation by telling her she could either accept the accommodation offered or it would withdraw the job offer. While Malcorvian did not use the words "coerce," "threaten," "intimidate," or "interfere" in the charge, no magic words are required to meet the standard. *See Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 832 (7th Cir. 2015) (omission of the phrase "hostile work environment" was not determinative). Malcorvian's charge alleges that the Office rescinded her offer after she requested an accommodation. Any investigation of that withdrawal would necessarily uncover the details of the Office's communications with Malcorvian and whether those communications were of a coercive, threatening, or intimidating nature. In fact, the EEOC investigative file demonstrates that the EEOC considered the parties' competing narratives about such communications. *See generally* R. 29-2. The ADA interference claim is within the scope of Malcorvian's EEOC charge. Thus, the Office's motion is denied with respect to exhaustion.

     II.   <u>Failure to State a Claim</u>

        A.  Failure to Accommodate

To state a failure to accommodate claim, Malcorvian must plausibly allege that (1) she is a qualified individual with a disability; (2) the Office was aware of her disability; and (3) the Office failed to reasonably accommodate her disability. *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 813 (7th Cir. 2015). A qualified

individual is one who "satisfies the prerequisites for the position" and who can "perform the essential functions of the job with or without reasonable accommodation." *Rodrigo v. Carle Found. Hosp.*, 879 F.3d 236, 241–42 (7th Cir. 2018).

Here, Malcorvian has not adequately pleaded that she can perform the essential functions of a Forensic Technician with or without reasonable accommodation. The problem is that she alleges both that her disability prevents her from being exposed to natural light, and that the room where she would perform her essential duties may have some natural light. *See* R. 16 ¶ 17. She does not explain how she would be able to perform the essential duties—whatever they may be—in a room with some natural light. It's possible that she can do so with some accommodation. But she does not allege what that accommodation might be, so the Court cannot draw any reasonable inference in her favor. The bare conclusory allegation in the complaint that she can "perform the essential functions of a Forensic Technician with or without an accommodation," *id.* ¶ 14, does not fill the gap. Further, while Malcorvian argues in response that she can perform her *non-essential* administrative duties in a different room with window coverings, she still does not explain how she can perform the *essential* functions of the job with or without a reasonable accommodation. Without more, Malcorvian has not plausibly alleged that she is a qualified individual under the ADA.

B. Interference

To state an ADA interference claim, Malcorvian must plausibly allege that (1) she was engaged in an activity statutorily protected by the ADA; (2) she was engaged in, or aided or encouraged others in, the exercise or enjoyment of ADA protected rights; (3) the Office coerced, threatened, intimidated, or interfered on account of her protected activity; and (4) the Office was motivated by an intent to discriminate. *Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 550–51 (7th Cir. 2017). Interference requires more than "an isolated act of discrimination"; there must be a "pattern of harassment, invidiously motivated." *Watters v. Homeowners' Assoc. at Preserve at Bridgewater*, 48 F.4th 779 (7th Cir. 2022) (citations omitted); *Frakes*, 872 F.3d at 550 (using Fair Housing Act framework to establish legal standard for ADA interference claim).

Malcorvian alleges no such pattern here. She does not claim that the Office used threatening language or otherwise harassed her during their interactions about her accommodation request. Instead, she contends that the Office issued a "take-it-or-leave-it ultimatum": either she could accept the job with the accommodation proposed by the Office or she would lose the offer. R. 21 at 4. That is not enough. *See, e.g.*, *Paul v. Chicago Transit Auth.*, No. 14-CV-03259, 2021 WL 1192578, at *14 (N.D. Ill. Mar. 30, 2021) (allegations that employer denied plaintiff's accommodation request fell short of "pattern of harassment" and were "little more than a rehash" of his failure to accommodate claim). Even drawing all reasonable inferences in her favor, Malcorvian's allegations are not sufficient to create a plausible inference of ADA interference.

**Conclusion**

For the foregoing reasons, the Office's motion is denied as to exhaustion and granted as to the failure to state a claim. Counts I through III are dismissed without prejudice. If Malcorvian believes she can cure the deficiencies with her allegations described in this opinion, she has leave to file an amended complaint by 5/7/2024. Malcorvian should inform the Court's Deputy and the Office by email no later than 4/26/2024 whether she intends to file an amended complaint. If she does not file an amended complaint by 5/7/2024, her claims will be dismissed with prejudice.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: April 9, 2024